IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA V. ARDRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0494-N |
| | § | |
| DAVID BERKEBILE, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Dana V. Ardry, a federal prisoner, has filed an application for writ of habeas corpus challenging a rule and two program statements promulgated by the Bureau of Prisons ("BOP") that categorically exclude from eligibility for early release inmates who are serving sentences for certain felony offenses, notwithstanding the successful completion of a substance abuse treatment program. Under federal law:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). However, the BOP rule excludes from eligibility for early release:

> Inmates whose current offense is a felony:
>
> (A)     That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>
> (B)     That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

  (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or

  (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58(a)(1)(vi).[1] In this action, petitioner, who received a two-level sentence enhancement for carrying or possessing a weapon during a drug trafficking crime, contends that section 550.58 is "arbitrary and capricious" and otherwise violates the requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A).

That was the holding of the Ninth Circuit in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). In *Arrington*, 18 federal prisoners serving sentences for offenses involving firearms, explosives, or other dangerous weapons challenged section 550.58 on the ground that the BOP failed to provide a rationale for the categorical exclusion of inmates who are otherwise statutorily eligible for early release. While recognizing that the BOP has discretion to categorically exclude certain classes of inmates from early release, the court noted than an agency must articulate a rationale when exercising that discretion. *Arrington*, 516 F.3d at 1114. The court went on to hold that neither of the two rationales stated by the BOP--that offenders with firearms convictions might pose an increased risk to the public and that there is a need for uniformity in the application of eligibility regulations--withstood even the "narrow and deferential standard of review under the APA." *Id.* at 1113-14. According to the court, there was absolutely no evidence in the administrative record that prisoners convicted of firearms offenses pose a greater threat to public safety than prisoners serving sentences for other offenses. *Id.* at 1114. As to the second rationale, the court wrote:

---

[1] Effective March 16, 2009, section 550.58 was superseded by a new BOP rule, which appears at 28 C.F.R. § 550.55. However, section 550.55 does not apply to inmates who, like petitioner, are participating in or have completed a Residential Drug Abuse Program ("RDAP") before the effective date of the new rule. *See* BOP PS 5331.02 at 5, ¶ 6 (Mar. 16, 2009).

> A general desire for uniformity provides no explanation for why the Bureau exercised its discretion to achieve consistency through the promulgation of a categorical *exclusion* rule. The Bureau's stated desire for uniformity could have been accomplished in any number of ways. For example, the Bureau could have achieved uniformity by categorically *including* prisoners with nonviolent convictions involving firearms, thus making them eligible for early release: a result that would have been entirely consistent with the statute's aim of offering incentives for prisoner participation in residential substance abuse programs. Instead, it chose to achieve uniformity by categorically *excluding* such prisoners from eligibility. Although either choice in all likelihood would have withstood judicial scrutiny, the Bureau offered no explanation for why it exercised its discretion to select one rather than the other. The agency's lack of explanation for its choice renders its decision arbitrary and capricious.

*Id.* (emphasis in original).

To date, no court outside the Ninth Circuit has followed *Arrington*. Most courts have rejected *Arrington* as contrary to *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), wherein the Supreme Court upheld a nearly identical version of section 550.58. *See Minotti v. Whitehead*, 584 F.Supp.2d 750 (D. Md. 2008); *Neal v. Grondolsky*, No. 08-2477 NLH, 2008 WL 4186901 (D.N.J. Sept. 9, 2008); *Gatewood v. Outlaw*, No. 2-08-CV-0054 WRW/BD, 2008 WL 2002650 (E.D. Ark. May 8, 2008). The *Minotti* court went further, criticizing *Arrington* on the basis that section 550.58 was, in fact, intended to promote uniformity in the application of eligibility regulations:

> Closer examination of *Arrington* reveals the fatal flaw in the Ninth Circuit's reasoning. The BOP provided an explanation for why it exercised its discretion to categorically exclude rather than include an entire class of inmates: it was concerned about uniformity. However, that was not an explanation that the Ninth Circuit was willing to accept and, as such, the Ninth Circuit substituted its judgment for that of the agency. The legislative history behind § 3621 explicitly notes that "[s]ubstance abuse treatment for prison inmates is a powerful tool for reducing recidivism, easing prison overcrowding, and ultimately preventing crime." In amending § 3621(e)(2)(B), the House Report noted that the amendment "authorizes the [BOP] to shorten by up to

> one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and *uniformly applied* by the [BOP]. Moreover, the Supreme Court explicitly agreed with and deferred to the BOP's "reasonabl[e] conclus[ion] that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Taken in context, the BOP's concern about uniformity in application is not arbitrary or capricious but rather is the consequence of its fidelity to Congress's mandate. The connection between firearms, drug offenses, and violence is fully supported by the language of the statute, *Lopez*, and just plain common sense.

*Minotti*, 584 F.Supp.2d at 765 (internal citations omitted) (emphasis in original). *Minotti*, *Neal*, and *Gatewood* were cited with approval by this court in rejecting nearly identical challenges to section 550.58 brought by other federal prisoners. *See, e.g. Cross v. Berkebile*, No. 3-08-CV-1379-M, 2009 WL 159280 at *5-6 (N.D. Tex. Jan. 21, 2009); *Martinez v. Berkebile*, No. 3-08-CV-1788-D, 2009 WL 159231 at *2-3 (N.D. Tex. Jan. 21, 2009); *Clark v. Berkebile*, No. 3-08-CV-1718-M, 2009 WL 89251 at *2-3 (N.D. Tex. Jan. 13, 2009); *Serrano v. Berkebile*, No. 3-08-CV-1587-K, 2009 WL 81017 at *2-3 (N.D. Tex. Jan. 9, 2009); *Ramirez v. Berkebile*, No. 3-08-CV-1899-L, 2008 WL 5435334 at *2-3 (N.D. Tex. Dec. 31, 2008). For the reasons stated in those cases, the court should decline to follow *Arrington* and deny habeas relief with respect to petitioner's claim that section 550.58 violates the requirements of the APA.

Petitioner further contends that two BOP program statements, PS 5162.04 and PS 5331.02, are "arbitrary and capricious in violation of the APA." (*See* Hab. Pet. at 1-2). However, unlike BOP rules, the APA does not apply to program statements. *See Huerta v. Berkebile*, No. 3-09-CV-0008-L, 2009 WL 230163 at *3 (N.D. Tex. Jan. 30, 2009), *citing Minotti*, 584 F.Supp.2d at 763 (holding that PS 5162.04 is not subject to requirements of APA); *Owens v. Van Buren*, No. 4-04-CV-0774-Y, 2005 WL 283614 at *2 (N.D. Tex. Feb. 7, 2005), *rec. adopted*, 2005 WL 525219 (N.D. Tex. Mar. 7, 2005), *citing Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir. 1998) (program statement is an

internal agency guideline not subject to APA notice and comment requirements). Even if PS 5162.04 and PS 5331.02 were subject to the rigors of the APA, they are "neither arbitrary nor capricious, but rather [ ] manifestly correct." *Huerta*, 2009 WL 230163 at *3, *quoting Minotti*, 584 F.Supp.2d at 765.[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 17, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court further notes that PS 5331.02, which interprets 28 C.F.R. § 550.55, does not apply to prisoners who, like petitioner, are participating in or have completed a RDAP before March 16, 2009. Petitioner therefore lacks standing to challenge that program statement.